FILED
2020 Mar-11  PM 12:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

1
2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

3  UNITED STATES OF AMERICA,              1:18-CR-385-KOB-JEO

4          V.                             MARCH 7, 2019

5  RONTAVUS DEANDRE THREATT,          BIRMINGHAM, ALABAMA

6          DEFENDANT.

7  * * * * * * * * * * * *

8                TRANSCRIPT OF GUILTY PLEA
        BEFORE THE HONORABLE SHARON LOVELACE BLACKBURN,
9                 UNITED STATES DISTRICT JUDGE
   APPEARANCES:
10
   FOR THE UNITED STATES:
11
   GREGORY R. DIMLER, ESQ.
12
   ASSISTANT UNITED STATES ATTORNEY
13
   BIRMINGHAM, ALABAMA
14

15
   FOR THE DEFENDANT:
16
   GLENNON F. THREATT, ESQ.
17
   ASSISTANT FEDERAL PUBLIC DEFENDER
18
   BIRMINGHAM, ALABAMA
19

20
   COURT REPORTER:
21
   LINDY M. FULLER, RMR, CRR, CRC
22
   FEDERAL OFFICIAL COURT REPORTER
23
   BIRMINGHAM, ALABAMA
24

25

```
1              P R O C E E D I N G S

2              THE COURT:  WE ARE HERE IN THE CASE OF

3    UNITED STATES OF AMERICA V. RONTAVUS DEANDRE

4    THREATT, CR-18-385.

5              MR. THREATT, AM I PRONOUNCING HIS NAME

6    CORRECTLY?

7              MR. THREATT:  YOU ARE, YOUR HONOR.

8              THE COURT:  IF YOU AND YOUR COUNSEL

9    WILL COME TO THE PODIUM.

10              AND I THINK FOR THE RECORD, WE SHOULD

11    ESTABLISH THAT YOU AND THE DEFENDANT HAVE NO

12    RELATION; IS THAT CORRECT?  IF YOUR NAMES ARE

13    SPELLED CORRECTLY.

14              MR. THREATT:  I CAN'T SAY THAT WE ARE

15    NOT RELATED, YOUR HONOR.  BUT IF IT IS, IT'S SO

16    DISTANT THAT I HAVE NEVER KNOWN HIM BEFORE THIS

17    CASE IS CONCERNED.

18              THE COURT:  AND YOU HAVEN'T MADE A

19    CONNECTION THAT SHOWS THAT YOU ARE RELATED?  I

20    DON'T THINK THAT MATTERS, BUT I JUST THINK WE

21    SHOULD HAVE IT CLEAR FOR THE FUTURE IN CASE WE

22    NEED TO.

23              MR. THREATT:  I HAVE NOT, JUDGE.

24              THE COURT:  IN TALKING TO HIM, YOU ALL

25    HAVE NOT MADE A CONNECTION THAT YOU ARE RELATED;
```

1    IS THAT WHAT YOU ARE SAYING?

2              MR. THREATT:  THAT'S WHAT I AM SAYING.

3         THE COURT:  AGAIN, I DON'T THINK IT

4    MATTERS AT ALL, I JUST THOUGHT WE SHOULD PUT IT

5    ON THE RECORD.

6              ALL RIGHT.  MR. THREATT, YOU EARLIER

7    ENTERED A PLEA OF NOT GUILTY TO CHARGES IN AN

8    INDICTMENT WHICH IS DOCKETED IN THIS COURT IN THE

9    SUPERSEDING INDICTMENT WHICH IS DOCKETED

10   CR-18-385.  YOU AND YOUR ATTORNEY ARE HERE TODAY

11   BECAUSE THE COURT HAS BEEN ADVISED THAT YOU

12   DESIRE TO WITHDRAW YOUR PLEA OF NOT GUILTY TO

13   COUNTS ONE, TWO, THREE, FOUR, FIVE, AND SIX OF

14   THE SUPERSEDING INDICTMENT.

15             DO YOU NOW WISH TO WITHDRAW YOUR

16   EARLIER PLEA OF NOT GUILTY TO THOSE COUNTS?

17             THE DEFENDANT:  YES, MA'AM.

18        THE COURT:  THE WITHDRAWAL IS ALLOWED.

19   AND WHAT IS YOUR PLEA TO COUNTS ONE, TWO, THREE,

20   FOUR, FIVE, AND SIX TO THE SUPERSEDING

21   INDICTMENT.

22             THE DEFENDANT:  GUILTY.

23             THE COURT:  BEFORE ACCEPTING YOUR PLEA

24   OF GUILTY, THERE ARE CERTAIN MATTERS INTO WHICH I

25   MUST INQUIRE AND THIS WILL NECESSITATE YOU BEING

```
 1    PLACED UNDER OATH.

 2            I WANT TO POINT OUT TO YOU THAT WHILE

 3    UNDER OATH, I MAY ASK YOU CERTAIN QUESTIONS THAT

 4    ARE PERTINENT TO THE CHARGES IN THE INDICTMENT --

 5    AND WHEN I SAY INDICTMENT, I AM ALWAYS REFERRING

 6    TO THE SUPERSEDING INDICTMENT -- BUT MAY BE

 7    PERTINENT TO THE SUPERSEDING INDICTMENT AND OTHER

 8    MATTERS WHICH MAY BE PERTINENT LATER TO YOUR

 9    SENTENCING.

10            ANY RESPONSES TO MY QUESTIONS MUST BE

11    FULL, COMPLETE, AND ACCURATE, AND A FALSE

12    RESPONSE COULD SUBJECT YOU TO PROSECUTION FOR

13    PERJURY OR FALSE STATEMENT.

14            DO YOU UNDERSTAND?

15            THE DEFENDANT:  YES, MA'AM.

16            THE COURT:  DO YOU STILL DESIRE TO

17    ENTER YOUR PLEA OF GUILTY?

18            THE DEFENDANT:  YES, MA'AM.

19            THE COURT:  ALL RIGHT.  I AM GOING TO

20    REQUEST THAT YOU BE PLACED UNDER OATH AT THIS

21    TIME.

22            (DEFENDANT DULY SWORN.)

23            THE COURT:  MR. THREATT, IF ANYTHING IS

24    SAID HERE TODAY OR TAKES PLACE HERE TODAY THAT

25    YOU DO NOT UNDERSTAND OR FULLY UNDERSTAND, I WANT
```

```
 1   YOU TO INTERRUPT THE PROCEEDINGS AND EITHER ASK
 2   ME TO CLEAR IT UP FOR YOU OR ALLOW YOU AN
 3   OPPORTUNITY TO SPEAK IN PRIVATE WITH YOUR LAWYER.
 4              DO YOU UNDERSTAND?
 5              THE DEFENDANT:  YES, MA'AM.
 6              THE COURT:  IT'S NOT UNCOMMON FOR PLEAS
 7   OF GUILTY TO BE OFFERED IN RELIANCE ON A PLEA
 8   BARGAIN OR PLEA AGREEMENT BETWEEN THE DEFENDANT,
 9   THE DEFENDANT'S ATTORNEY, AND THE U.S. ATTORNEY'S
10   OFFICE.  PLEA BARGAINS -- WELL, ACTUALLY, IN THIS
11   CASE, IT WOULD BE BINDING ON THE COURT.  AND IN
12   THAT REGARD, BECAUSE IT'S A (C)(1)--
13              MR. THREATT:  YES, MA'AM.
14              THE COURT:  IF THE COURT ACCEPTS YOUR
15   PLEA OF GUILTY, THE SENTENCE THAT'S BEEN AGREED
16   TO BETWEEN YOU, YOUR ATTORNEY, AND THE U.S.
17   ATTORNEY'S OFFICE WOULD BE BINDING ON THE COURT
18   AT THE TIME OF SENTENCING.
19              SO, ASSUMING WE GET THROUGH THE WHOLE
20   DAY AND I THINK THAT THE PLEA SHOULD BE ACCEPTED,
21   I WILL CONDITIONALLY ACCEPT IT.  AND WHAT THAT
22   MEANS IS THAT AT THE TIME OF SENTENCING -- CHIEF
23   JUDGE BOWDRE WILL BE SENTENCING YOU UNLESS SHE
24   ASKS ME TO DO IT, BUT I THINK SHE IS GOING TO DO
25   IT.
```

```
 1              IF, AT THE TIME OF SENTENCING -- AND I

 2   HAVE COMMUNICATED WITH HER THIS MORNING BY EMAIL

 3   ABOUT THIS.

 4              IF SHE DETERMINES AT THE TIME YOU ARE

 5   SENTENCED, AFTER REVIEWING THE PRESENTENCE

 6   REPORT, THAT SHE THINKS THAT 19 YEARS IS -- WHAT

 7   DOES THAT CALCULATE TO IN MONTHS?

 8              MR. DIMLER:  YOUR HONOR, IT'S 228

 9   MONTHS.

10              THE COURT:  SINCE WE SENTENCE IN MONTHS

11   IN THE FEDERAL SYSTEM, IF SHE DETERMINES 228

12   MONTH IS TOO SHORT A TERM AND THAT SHE THINKS YOU

13   SHOULD BE SENTENCED TO LONGER, YOU WILL BE

14   ALLOWED TO WITHDRAW YOUR PLEA OF GUILTY.

15              AND ON OTHER SIDE OF THAT EQUATION, IF

16   SHE DETERMINES, AFTER REVIEWING THE PRESENTENCE

17   REPORT, THAT SHE THINKS 19 YEARS, 228 MONTHS, IS

18   TOO LONG A SENTENCE, THEN THE AGREEMENT IS NULL

19   AND VOID AND THE GOVERNMENT CAN PROCEED AS IT

20   WISHES, WHETHER IT WISHES TO ACCEPT HER LOWER

21   SENTENCE OR WHETHER IT WISHES TO GO TO TRIAL.

22              SO, LET ME FIRST ASK, MR. THREATT, DID

23   YOU UNDERSTAND WHAT I JUST SAID?  I AM GOING TO

24   GO A LITTLE FURTHER INTO A DISCUSSION OF THE PLEA

25   AGREEMENT.  BUT DO YOU UNDERSTAND WHAT I HAVE
```

```
 1    SAID?
 2              THE DEFENDANT:  YES, MA'AM.
 3              THE COURT:  AND DOES THE U.S. ATTORNEY
 4    UNDERSTAND?
 5              MR. DIMLER:  YES, YOUR HONOR.
 6              THE COURT:  JUST TO SAY IT ONE MORE
 7    TIME, I AM GOING TO, AT THE END OF THE DAY OR
 8    DISCUSSION THIS MORNING, THAT I JUST DECIDE THAT
 9    EVERYTHING IS APPROPRIATE FOR ME TO ACCEPT THE
10    PLEA, I AM GOING TO ACCEPT IT BUT CONDITIONAL, A
11    CONDITIONAL PLEA.  BECAUSE ONCE THE PRESENTENCE
12    REPORT COMES IN, JUDGE BOWDRE MAY DETERMINE
13    THAT'S TOO LONG OR TOO SHORT A SENTENCE.
14              THE WAY IT'S DONE NOW, IT'S BINDING ON
15    THE COURT.  JUDGE BOWDRE WOULD HAVE TO IMPOSE THE
16    SENTENCE OF 228 MONTHS.  SHE MAY DECIDE IT'S TOO
17    LONG OR SHE MAY DECIDE IT'S TOO SHORT.  IF SHE
18    DECIDES IT'S TOO SHORT A SENTENCE, THAT YOU
19    DESERVE LONGER THAN 228 MONTHS, YOU WILL HAVE THE
20    RIGHT TO WITHDRAW YOUR PLEA OF GUILTY.
21              DO YOU UNDERSTAND?
22              THE DEFENDANT:  YES, MA'AM.
23              THE COURT:  ALL RIGHT.  BUT, LET ME AT
24    THIS POINT ASK THE ASSISTANT U.S. ATTORNEY TO --
25    LET ME, JUST BEFORE I DO THAT, EVEN THOUGH IT'S A
```

```
1    BINDING PLEA, AS I SAY, BECAUSE IT'S A
2    CONDITIONAL ACCEPTANCE, IF I ACCEPT IT, IT'S NOT
3    BINDING ON THE COURT.  SHE MAY DECIDE NOT TO
4    ACCEPT IT, BUT EITHER SIDE WOULD HAVE THE RIGHT
5    TO WITHDRAW FROM THE PLEA AGREEMENT AT THAT TIME.
6              DO YOU UNDERSTAND?
7              THE DEFENDANT:  YES, MA'AM.
8              THE COURT:  ALL RIGHT.  IF YOU WILL
9    STATE THE TERMS FOR THE COURT.
10             MR. DIMLER:  THANK YOU, YOUR HONOR.
11             YOUR HONOR, IN CONSIDERATION FOR
12   THE DEFENDANT'S PLEAS OF GUILTY TO COUNTS ONE,
13   TWO, THREE, FOUR, FIVE, AND SIX OF THE
14   SUPERSEDING INDICTMENT, THE GOVERNMENT HAS AGREED
15   TO DISMISS COUNTS SEVEN AND EIGHT WITHOUT
16   PREJUDICE AT SENTENCING.
17             IN ADDITION TO THAT YOUR HONOR, WE ARE
18   AGREEING TO A STIPULATED SENTENCE AS YOUR HONOR
19   REFERRED TO PURSUANT TO FEDERAL RULE OF CRIMINAL
20   PROCEDURE 11(C)(1)(C), SPECIFICALLY A SENTENCE OF
21   228 MONTHS, WHICH IS EQUAL TO 19 YEARS
22   IMPRISONMENT, YOUR HONOR.
23             THE COURT:  ALL RIGHT.  MR. THREATT,
24   ATTORNEY, IS THERE ANYTHING YOU NEED TO ADD TO
25   THAT STATEMENT ON BEHALF OF YOUR CLIENT?
```

1          MR. THREATT:  I DO, YOUR HONOR.  WHAT

2    I WOULD SAY IS THAT THE PLEA AGREEMENT DISMISSES

3    COUNT SIX, WHICH IS A 922(G) COUNT TO WHICH WE

4    BELIEVE MR. THREATT WOULD BE AN ARMED CAREER

5    CRIMINAL.

6               THE COURT:  HOLD ON ONE SECOND NOW.

7               MR. DIMLER:  COUNT SEVEN.

8               MR. THREATT:  COUNT SEVEN, YOUR HONOR.

9               THE COURT:  I DIDN'T CATCH -- DID YOU

10   NOT SAY YOU WOULD DISMISS COUNT SEVEN?

11              MR. DIMLER:  IF I DID, YOUR HONOR, I

12   MAY HAVE MISSPOKE.

13              MR. THREATT:  DISMISSING SEVEN AND

14   EIGHT, JUDGE.

15              THE COURT:  DISMISSING SEVEN AND EIGHT.

16   ANYTHING ELSE?

17              MR. THREATT:  AND TO COUNT EIGHT, TO

18   WHICH HE WOULD BE CAREER OFFENDER AS TO A 924(C)

19   COUNT.  AND, YOUR HONOR, WE ALSO SOLICITED THE

20   INPUT OF THE UNITED STATES PROBATION OFFICE TO

21   GIVE US AN INFORMAL ADVISORY GUIDELINE THAT I

22   USED TO ADVISE MY CLIENT DURING THE PLEA

23   NEGOTIATIONS.

24              THE COURT:  AND THE REASON I INQUIRED

25   ABOUT THAT IS THIS MORNING, THROUGH MY LAW CLERK,

```
1    AND I THINK MR. DIMLER EVENTUALLY GAVE ME AN
2    ANSWER, I KNEW -- WELL, I DON'T WANT TO SAY, THAT
3    YOU WOULD HAVE NOT AGREED TO THIS SENTENCE UNLESS
4    HE WAS FACING A REALLY LONG PRISON TERM.  AND
5    WHAT I UNDERSTOOD IS YOUR TENTATIVE UNDERSTANDING
6    OF THE GUIDELINES ARE 362 TO -- 262 TO POSSIBLY
7    LIFE IF YOU DIDN'T DISMISS THE COUNT.
8              MR. DIMLER:  262 TO 324.  BUT YOUR
9    HONOR, THAT IS INCLUDING THREE LEVELS FOR
10   ACCEPTANCE.  SO, WITH THIS DEAL, MR. THREATT IS
11   REALLY LOOKING AT SHAVING SOMEWHERE IN THE
12   NEIGHBORHOOD OF 40 MONTHS OFF THE SENTENCE HE
13   WOULD RECEIVE.
14             THE COURT:  THEY WOULD ALSO, I TAKE IT,
15   IF YOU DIDN'T DISMISS COUNTS SEVEN AND EIGHT, HE
16   COULD BE FACING UP TO LIFE?
17             MR. DIMLER:  IT COULD BE A LOT MORE.
18             THE COURT:  UP TO LIFE, RIGHT?
19             MR. DIMLER:  RIGHT.
20             MR. THREATT:  MORE THAN LIFE.
21             THE COURT:  MORE THAN LIFE.  AGAIN,
22   NORMALLY, AS YOU KNOW, WE DON'T CHECK INTO THAT.
23   AND YOU SHOULDN'T CONSIDER THAT DEFINITIVE,
24   ALTHOUGH I AM SURE YOUR ATTORNEY CAREFULLY
25   CHECKED INTO WHAT YOU WOULD BE FACING.
```

1        SO, I THINK HE SAID WHAT THE PLEA

2   AGREEMENT WAS.  YOU JUST CLARIFIED TO SHOW THAT

3   HE WAS DISMISSING COUNTS SEVEN AND EIGHT,

4   CORRECT?

5        MR. THREATT:  THAT'S CORRECT, YOUR

6   HONOR.

7        THE COURT:  ALL RIGHT.  ANY OTHER

8   THINGS ON THE PLEA AGREEMENT THAT I NEED TO KNOW

9   ABOUT?

10        MR. THREATT:  NO, YOUR HONOR.

11        THE COURT:  MR. THREATT, DEFENDANT, DO

12   YOU HAVE ANY DIFFERENT UNDERSTANDING OF THE PLEA

13   AGREEMENT OTHER THAN WHAT WAS STATED BY THE U.S.

14   ATTORNEY AND YOUR ATTORNEY?

15        THE DEFENDANT:  NO, MA'AM.

16        THE COURT:  OTHER THAN THE PLEA

17   AGREEMENT THAT WE HAVE JUST DISCUSSED, HAS ANYONE

18   PROMISED YOU ANYTHING OR THREATENED YOU IN ANY

19   WAY IN ORDER TO INDUCE YOU TO ENTER A PLEA OF

20   GUILTY?

21        THE DEFENDANT:  NO, MA'AM.

22        THE COURT:  DO YOU UNDERSTAND IF I

23   CONDITIONALLY ACCEPT YOUR PLEA OF GUILTY TODAY

24   THAT ALL THAT REMAINS IS FOR SENTENCE TO BE

25   IMPOSED?  DO YOU UNDERSTAND THAT?

1          IF I ACCEPT YOUR PLEA OF GUILTY TODAY,

2    THE ONLY THING LEFT TO DO IS FOR A COURT, EITHER

3    JUDGE BOWDRE OR ME OR ANOTHER FEDERAL JUDGE, TO

4    SENTENCE YOU.  ALL THAT'S LEFT IS SENTENCING.

5          THE DEFENDANT:  YES, MA'AM.

6          THE COURT:  YOU UNDERSTAND THAT?

7          THE DEFENDANT:  YES, MA'AM.

8          THE COURT:  NOW, I AM GOING TO GO OVER,

9    FOR EACH OF THE COUNTS THAT YOU ARE PLEADING

10   GUILTY TO, GOING TO GO OVER THE MAXIMUM SENTENCES

11   YOU ARE FACING ON EACH COUNT.

12          DO YOU UNDERSTAND?

13          THE DEFENDANT:  YES, MA'AM.

14          THE COURT:  ALL RIGHT.  SO, DO YOU

15   UNDERSTAND FOR COUNTS ONE AND THREE, THE MAXIMUM

16   SENTENCE YOU ARE FACING -- HOLD ON A SECOND.

17          I WOULD LIKE THE ATTORNEYS TO CHECK ME

18   ON THIS AS I GO THROUGH.

19          FIRST OF ALL, WAS THERE AN INFORMATION

20   FILED?

21          MR. DIMLER:  THERE WAS NOT, YOUR HONOR.

22          THE COURT:  A CUSTODIAL SENTENCE OF NOT

23   MORE THAN 20 YEARS PER COUNT; A FINE OF NOT MORE

24   THAN $1 MILLION DOLLARS PER COUNT; A SUPERVISED

25   RELEASE TIME OF NOT LESS THAN THREE YEARS PER

1   COUNT; AN ASSESSMENT FEE OF $100, PLUS COMMUNITY

2   RESTITUTION.

3           DO YOU UNDERSTAND THAT'S THE MAXIMUM

4   SENTENCE YOU ARE FACING ON A PLEA OF GUILTY TO

5   COUNTS ONE AND THREE?

6           THE DEFENDANT:  YES, MA'AM.

7           THE COURT:  AGAIN, IF I STATE SOMETHING

8   YOU ALL THINK I HAVE LEFT -- BECAUSE THIS IS KIND

9   OF A COMPLICATED CASE, BE SURE TO TELL ME.

10           DO YOU UNDERSTAND THE MAXIMUM SENTENCE

11   YOU ARE FACING ON A PLEA OF GUILTY TO COUNTS TWO

12   AND FOUR WHICH CHARGE YOU WITH VIOLATING TITLE 18

13   U.S. CODE SECTION 924(C)(1)(A)(I), IS A CUSTODIAL

14   SENTENCE OF NOT LESS THAN FIVE YEARS BUT NOT MORE

15   THAN LIFE PER COUNT; A FINE OF NOT MORE THAN

16   $250,000 PER COUNT; A SUPERVISED RELEASE TIME OF

17   NOT MORE THAN FIVE YEARS PER COUNT; AN ASSESSMENT

18   FEE OF $100, PLUS RESTITUTION, IF APPLICABLE.

19           WITH REGARD TO YOUR CUSTODIAL SENTENCE

20   ON COUNTS TWO AND FOUR, THE SENTENCE YOU RECEIVE

21   FOR THOSE COUNTS HAS TO BE CONSECUTIVE TO ANY

22   OTHER SENTENCE YOU RECEIVE.

23           DO YOU UNDERSTAND THAT?

24           THE DEFENDANT:  YES, MA'AM.

25           THE COURT:  AND, MR. THREATT, ARE YOU

```
 1     SATISFIED YOUR CLIENT UNDERSTANDS?
 2              MR. THREATT:  YES, YOUR HONOR.  AND
 3     THOSE TWO COUNTS ALSO HAVE TO BE CONSECUTIVE TO
 4     EACH OTHER.
 5              THE COURT:  RIGHT.  SO YOU ARE FACING,
 6     IN ESSENCE, FOR PLEADING GUILTY TO COUNTS TWO AND
 7     FOUR, YOU ARE FACING A CUSTODIAL SENTENCE OF NOT
 8     LESS THAN TEN YEARS CONSECUTIVE TO ANY OTHER
 9     SENTENCE YOU RECEIVE FOR THE OTHER COUNTS.
10              DO YOU UNDERSTAND?
11              THE DEFENDANT:  YES, MA'AM.
12              THE COURT:  NOW, WHY IS HE NOT SUBJECT
13     TO -- DOES HE NOT HAVE A PRIOR CONVICTION THAT
14     WOULD MAKE HIM SUBJECT TO THE ENHANCED 25 YEAR
15     SENTENCE, NOT LESS THAN 25 YEARS?
16              MR. DIMLER:  YOUR HONOR, YOU ARE
17     REFERRING TO THE 924(C)?
18              THE COURT:  YES.
19              MR. DIMLER:  THE FIRST STEP ACT
20     ACTUALLY ALTERED THOSE 924(C) STACKING COUNTS IN
21     THIS ONE.
22              THE COURT:  OH, OKAY.
23              MR. DIMLER:  THEY ARE NOW, UNLESS
24     THERE IS A --
25              THE COURT:  I HAVE NOT HAD TO LEARN
```

1    THAT LAW YET BUT I AM HAPPY TO KNOW THERE IS A

2    CHANGE.  WHAT IS IT THAT APPLIES HERE?

3         MR. DIMLER:  I AM STILL LEARNING IT.

4    BUT FORMERLY, IF THERE WERE CONSECUTIVE 924(C)'S

5    IN THE SAME INDICTMENT, THEY WOULD GO FROM 5 TO

6    25 TO 25.  NOW THEY ARE ALL FIVE STACKING UNLESS

7    THERE IS A PREVIOUS CONVICTION FOR THE FIVE YEAR,

8    924(C) --

9         THE-COURT:  AND HE DOES NOT HAVE THAT

10   HERE?

11        MR. DIMLER:  HE DOES NOT HAVE THAT.

12        MR. THREATT:  AND THAT HAPPENED AFTER

13   HE HAD BEEN INDICTED, YOUR HONOR.  SO WE HAD THE

14   PROBATION OFFICE GO BACK AND REVISE IT --

15        THE COURT:  I GOT IT.

16        MR. THREATT:  -- THE GUIDELINE

17   CALCULATION TO INCORPORATE THE CHANGES.

18        THE COURT:  GREAT.

19        MR. THREATT:  AND WE HAVE THE ACT HERE

20   IN COURT IN CASE THE COURT NEEDS IT.

21        THE COURT:  WELL, I WOULD LOVE A MINI

22   TUTORIAL ON IT AFTERWARDS.  BUT I UNDERSTAND

23   TOTALLY WHAT YOU JUST SAID.  FROM BOTH OF YOU;

24   THAT WOULD BE GREAT.

25        OKAY, COUNT FIVE, I DON'T THINK THERE

```
 1    IS ANY CONFUSION ABOUT WHAT I SAID TO THE

 2    DEFENDANT.  YOU ARE FACING NOT LESS THAN TEN

 3    YEARS BY PLEADING GUILTY TO COUNTS TWO AND FOUR,

 4    AND THAT TEN YEARS HAS TO BE CONSECUTIVE TO ANY

 5    OTHER SENTENCE YOU RECEIVE.

 6              DO YOU UNDERSTAND?

 7              THE DEFENDANT:  YES, MA'AM.

 8              THE COURT:  PLEADING GUILTY TO COUNT

 9    FIVE, FIVE WHICH CHARGES YOU WITH VIOLATING TITLE

10    21 U.S. CODE SECTION 841(A)(1).  THE MAXIMUM

11    SENTENCE YOU ARE FACING IS NOT LESS THAN FIVE

12    YEARS BUT NOT MORE THAN 40 YEARS; A FINE OF NOT

13    MORE THAN $5 MILLION DOLLARS; A SUPERVISED

14    RELEASE TERM OF NOT LESS THAN FOUR YEARS; AN

15    ASSESSMENT FEE OF $100, PLUS COMMUNITY

16    RESTITUTION, IF APPLICABLE.

17              DO YOU UNDERSTAND THAT'S THE MAXIMUM

18    SENTENCE YOU ARE FACING ON A PLEA OF GUILTY TO

19    COUNT FIVE?

20              THE DEFENDANT:  YES, MA'AM.

21              THE COURT:  DO YOU UNDERSTAND THE

22    MAXIMUM SENTENCE YOU ARE FACING ON A PLEA OF

23    GUILTY TO COUNT SIX WHICH CHARGES YOU WITH

24    VIOLATING TITLE 21 U.S. CODE SECTION 841(A)(1) IS

25    A CUSTODIAL SENTENCE OF NOT LESS THAN FIVE YEARS
```

1   BUT NOT MORE THAN 40 YEARS; A FINE OF NOT MORE

2   THAN $5 MILLION DOLLARS; A SUPERVISED RELEASE

3   TERM OF NOT LESS THAN FOUR YEARS; AN ASSESSMENT

4   FEE OF $100, PLUS RESTITUTION TO THE COMMUNITY,

5   IF APPLICABLE.

6              DO YOU UNDERSTAND THAT'S THE MAXIMUM

7   SENTENCE YOU ARE FACING ON A PLEA OF GUILTY TO

8   COUNT SIX?

9              THE DEFENDANT:  YES, MA'AM.

10             THE COURT:  DO YOU ALSO UNDERSTAND, MR.

11  THREATT, THAT YOU HAVE THE RIGHT TO INSIST UPON

12  YOUR EARLIER PLEA OF NOT GUILTY AND THAT IF YOU

13  DO SO, THE BURDEN IS ON THE UNITED STATES TO

14  PROVE YOUR GUILT TO A JURY BEYOND A REASONABLE

15  DOUBT.

16             DO YOU UNDERSTAND THAT?

17             THE DEFENDANT:  YES, MA'AM.

18             THE COURT:  DO YOU UNDERSTAND THAT AT A

19  TRIAL YOU WOULD HAVE THE RIGHT TO THE ASSISTANCE

20  OF COUNSEL?

21             THE DEFENDANT:  YES, MA'AM.

22             THE COURT:  DO YOU UNDERSTAND THAT AT A

23  TRIAL YOU WOULD HAVE THE RIGHT NOT TO BE

24  COMPELLED TO INCRIMINATE YOURSELF OR PRODUCE ANY

25  EVIDENCE?

```
 1              THE DEFENDANT:  YES, MA'AM.

 2              THE COURT:  DO YOU UNDERSTAND WITH THIS

 3   PLEA OF GUILTY THERE WILL BE NO JURY TRIAL; THERE

 4   WILL BE NO FURTHER PRESUMPTION OF INNOCENCE;

 5   THERE WILL BE NO RIGHT BY YOU, THROUGH YOUR

 6   COUNSEL, TO CONFRONT AND CROSS EXAMINE THE

 7   WITNESSES THAT THE GOVERNMENT WOULD BE REQUIRED

 8   TO BRING FORTH TO PROVE YOUR GUILT.  IN OTHER

 9   WORDS, YOU ARE GIVING UP A NUMBER OF IMPORTANT

10   CONSTITUTIONAL RIGHT BY PLEADING GUILTY.

11              DO YOU UNDERSTAND ALL OF THAT?

12              THE DEFENDANT:  YES, MA'AM.

13              THE COURT:  WE HAVE DISCUSSED THIS A

14   LITTLE BIT.  YOU UNDERSTAND THAT ANY SENTENCE

15   IMPOSED IN THIS CASE IS SUBJECT TO THE FEDERAL

16   SENTENCING GUIDELINES AS WELL AS TO SOME FEDERAL

17   STATUTES?

18              DO YOU UNDERSTAND?

19              THE DEFENDANT:  YES, MA'AM.

20              THE COURT:  HAVE YOU DISCUSSED THE

21   GUIDELINES AS WELL AS THE STATUTES THAT APPLY TO

22   YOUR CASE WITH REGARD TO SENTENCING WITH YOUR

23   LAWYER?

24              THE DEFENDANT:  YES, MA'AM.

25              THE COURT:  MR. THREATT, ARE YOU
```

1   SATISFIED YOUR CLIENT UNDERSTANDS THE SENTENCING

2   GUIDELINES AS WELL AS THE APPLICABLE MINIMUM

3   MANDATORY STATUTES THAT APPLY TO HIS CASE?

4              MR. THREATT:  YES, I AM, YOUR HONOR.

5              THE COURT:  MR. THREATT, IS THERE

6   ANYTHING THAT PREVENTS YOU FROM UNDERSTANDING

7   ANYTHING I AM SAYING TO YOU HERE TODAY?

8              THE DEFENDANT:  NO, MA'AM.

9              THE COURT:  HOW DO YOU PHYSICALLY FEEL?

10  MEANING ARE YOU WELL OR ARE YOU SICK?

11             THE DEFENDANT:  I AM WELL.

12             THE COURT:  WITHIN THE PAST 72 HOURS,

13  HAVE YOU TAKEN OR RECEIVED ANY MEDICATION, DRUGS,

14  OR NARCOTICS?

15             THE DEFENDANT:  BLOOD PRESSURE

16  MEDICINE.

17             THE COURT:  I'M SORRY, WHAT?

18             THE DEFENDANT:  BLOOD PRESSURE

19  MEDICINE.

20             THE COURT:  BLOOD PRESSURE MEDICINE?

21              THE DEFENDANT:  YES, MA'AM.

22             THE COURT:  ANYTHING ELSE?

23             THE DEFENDANT:  NO, MA'AM.

24             THE COURT:  ANYTHING ABOUT THAT

25  MEDICATION THAT CAUSES YOU TO NOT BE ABLE TO

1   APPRECIATE THE SERIOUSNESS OF WHAT YOU ARE DOING

2   HERE TODAY, PLEADING GUILTY TO SERIOUS COUNTS

3   THAT CARRY A LENGTHY CUSTODIAL SENTENCE?

4          THE DEFENDANT:  NO, MA'AM.

5          THE COURT:  COUNT ONE OF THE

6   INDICTMENT CHARGES YOU WITH VIOLATING TITLE 21

7   U.S. CODE SECTION 841(A)(1) AND (B)(1)(C) AND

8   READS AS FOLLOWS:

9              THE GRAND JURY CHARGES THAT ON OR

10  ABOUT THE 9TH DAY OF MAY, 2017, IN TALLADEGA

11  COUNTY, WITHIN THE NORTHERN DISTRICT OF ALABAMA,

12  YOU DID KNOWINGLY AND INTENTIONALLY DISTRIBUTE A

13  MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE

14  AMOUNT OF METHAMPHETAMINE, A CONTROLLED

15  SUBSTANCE, IN VIOLATION OF TITLE 21 U.S. CODE

16  SECTION 841(A)(1) AND (B)(1)(C).

17             TITLE 21 U.S. CODE SECTION 841(A)(1)

18  MAKES IT A FEDERAL CRIME OR OFFENSE FOR ANYONE TO

19  DISTRIBUTE A CONTROLLED SUBSTANCE.

20             BEFORE YOU COULD BE CONVICTED OF THE

21  CRIME CHARGED IN COUNT ONE, THE GOVERNMENT WOULD

22  HAVE TO PROVE BEYOND A REASONABLE DOUBT THAT ON

23  OR ABOUT THE DATE CHARGED, THAT BEING MAY 9TH,

24  2017, YOU DISTRIBUTED METHAMPHETAMINE TO ANOTHER

25  PERSON, AND METHAMPHETAMINE IS A CONTROLLED

1  SUBSTANCE WITHIN THE MEANING OF THE LAW.

2          TO DISTRIBUTE WITHIN THE STATUTE SIMPLY

3  MEANS TO DELIVER OR TRANSFER POSSESSION OF A

4  CONTROLLED SUBSTANCE TO ANOTHER PERSON WITH OR

5  WITHOUT ANY FINANCIAL INTEREST IN THE

6  TRANSACTION.

7          DO YOU UNDERSTAND THE CHARGE AGAINST

8  YOU IN COUNT TWO OF THE INDICTMENT?

9          THE DEFENDANT:  YES, MA'AM.

10          THE COURT:  EXCUSE ME, COUNT ONE.  I

11  WAS JUST READING COUNT ONE.  YOU UNDERSTAND COUNT

12  ONE?

13          THE DEFENDANT:  YES, MA'AM.

14          THE COURT:  COUNT TWO READS AS FOLLOWS:

15  THE GRAND JURY CHARGES THAT ON OR ABOUT THE 9TH

16  DAY OF MAY, 2017, IN TALLADEGA COUNTY, WITHIN THE

17  NORTHERN DISTRICT OF ALABAMA, YOU DID KNOWINGLY

18  USE AND CARRY A FIREARM DURING AND IN RELATION TO

19  A DRUG TRAFFICKING CRIME FOR WHICH YOU COULD BE

20  PROSECUTED IN A COURT OF THE UNITED STATES; THAT

21  IS, A DRUG TRAFFICKING OFFENSE ALLEGED IN COUNT

22  ONE OF THIS INDICTMENT, IN VIOLATION OF TITLE 18

23  UNITED STATES CODE 924(C)(1) A.

24          IT IS A SEPARATE FEDERAL CRIME OR

25  OFFENSE FOR ANYONE TO USE OR CARRY A FIREARM

1    DURING AND IN RELATION TO A DRUG TRAFFICKING

2    CRIME.

3              BEFORE YOU COULD BE FOUND GUILTY OF THE

4    OFFENSE CHARGED IN COUNT TWO, THE GOVERNMENT

5    WOULD BE REQUIRED TO PROVE BEYOND A REASONABLE

6    DOUBT, FIRST, THAT YOU COMMITTED THE DRUG

7    TRAFFICKING OFFENSE CHARGED IN COUNT ONE.

8              SECOND, THAT DURING THE COMMISSION OF

9    THAT OFFENSE YOU USED AND/OR CARRIED A FIREARM,

10   AND THAT YOU USED AND CARRIED THE FIREARM DURING

11   AND IN RELATION TO THE DRUG TRAFFICKING CHARGE.

12             TO USE A FIREARM WITHIN THE MEANING OF

13   THE STATUTE MEANS MORE THAN MERE POSSESSION AND

14   MORE THAN PROXIMITY AND ACCESSIBILITY.  IT

15   REQUIRES ACTIVE EMPLOYMENT OF THE WEAPON AS BY

16   BRANDISHING OR DISPLAYING IT IN SOME FASHION.

17             TO CARRY A FIREARM IS TO HAVE A FIREARM

18   ON ONE'S PERSON OR TO TRANSFER OR CONTROL A

19   FIREARM IN A WAY THAT MAKES IT AVAILABLE FOR

20   IMMEDIATE USE WHILE COMMITTING THE DRUG

21   TRAFFICKING OFFENSE.

22             TO POSSESS THE FIREARM IN FURTHERANCE

23   OF A CRIME MEANS THE FIREARM HELPED, PROMOTED, OR

24   ADVANCED THE CRIME IN SOME WAY.

25             IN THIS CASE, COUNT TWO, YOU ARE

1    CHARGED WITH POSSESSING A FIREARM IN TWO

2    DIFFERENT WAYS:  USING IT AND CARRYING IT.  SO

3    USING IT WOULD REQUIRE, AS I JUST STATED, THAT

4    YOU ACTIVELY EMPLOYED IT, BY BRANDISHING OR

5    DISPLAYING IT IN SOME WAY.  CARRYING IT MEANS IT

6    COULD BE CLOSE BY, NEAR BY, YOU JUST HAD IT

7    ACCESSIBLE TO YOU TO USE DURING YOUR DRUG

8    TRAFFICKING CONDUCT.

9              DO YOU UNDERSTAND WHAT I AM SAYING NOW?

10             THE DEFENDANT:  YES, MA'AM.

11             THE COURT:  THERE IS A LITTLE BIT OF A

12   DIFFERENCE.  THE JURY WOULD BE CHARGED IN THIS

13   CASE AS TO BOTH WAYS, USING IT OR CARRYING IT.

14   THEY MIGHT FIND BOTH.  BUT ALL 12 WOULD HAVE TO

15   AGREE AS TO WHICH WAY THAT YOU USED IT, WHETHER

16   IT WAS BOTH OR ONE OF THE OTHER.

17             MR. THREATT, DID YOU EXPLAIN ALL THAT

18   TO HIM WHEN YOU WERE TALKING TO HIM?

19             MR. THREATT:  I DID, YOUR HONOR.  AND

20   FORTUNATELY, IN THIS CASE THERE IS VIDEO, WHICH

21   MAKES IT EASIER TO EXPLAIN.

22             THE COURT:  RIGHT; OKAY.  DO YOU

23   UNDERSTAND THE CHARGE AGAINST YOU IN COUNT TWO

24   AND DO YOU UNDERSTAND WHAT THE GOVERNMENT WOULD

25   HAVE TO PROVE BEFORE YOU COULD BE CONVICTED OF

1  THAT OFFENSE?

2         THE DEFENDANT:  YES, MA'AM.

3         THE COURT:  COUNT THREE AGAIN CHARGES

4  YOU WITH VIOLATING TITLE 21 U.S. CODE 841(A)(1)

5  AND (B)(1)(C) READS AS FOLLOWS:

6         THE GRAND JURY CHARGES ON OR ABOUT MAY

7  12TH, 2017, IN TALLADEGA COUNTY, WITHIN THE

8  NORTHERN DISTRICT OF ALABAMA, YOU DID KNOWINGLY

9  AND INTENTIONALLY DISTRIBUTE A MIXTURE AND

10  SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

11  HEROIN, A CONTROLLED SUBSTANCE, IN VIOLATION OF

12  TITLE 21 U.S. CODE SECTIONS 841(A)(1) AND

13  (B)(1)(C).

14         TITLE 21 U.S. CODE SECTION 841(A)(1),

15  AS I JUST STATED WITH REGARD TO COUNT ONE, MAKES

16  IT A FEDERAL CRIME TO DISTRIBUTE A CONTROLLED

17  SUBSTANCE.  HEROIN IS A CONTROLLED SUBSTANCE

18  WITHIN THE MEANING OF THE LAW.

19         BEFORE YOU COULD BE FOUND GUILTY OF THE

20  OFFENSE CHARGED IN COUNT -- I DON'T KNOW IF I AM

21  SAYING THE COUNTS RIGHT HERE -- COUNT THREE, THE

22  GOVERNMENT WOULD HAVE THE BURDEN OF PROVING THAT

23  ON OR ABOUT THE DATE CHARGED YOU DISTRIBUTED

24  HEROIN AS CHARGED.  THEY WOULD HAVE TO PROVE THAT

25  THE SUBSTANCE YOU DISTRIBUTED WAS A CONTROLLED

1    SUBSTANCE, THAT BEING HEROIN.  AND ALSO, WITH

2    REGARD TO THE DISTRIBUTION, MERELY WOULD HAVE TO

3    PROVE BEYOND A REASONABLE DOUBT THAT YOU

4    TRANSFERRED POSSESSION OF THE CONTROLLED

5    SUBSTANCE WITH OR WITHOUT A FINANCIAL INTEREST IN

6    THE TRANSACTION.

7              AND WHAT'S MEANT BY THAT IS THEY WOULD

8    NOT HAVE TO PROVE THAT YOU GOT MONEY FOR IT.  IF

9    THEY JUST PROVE THAT YOU HANDED HEROIN TO ANOTHER

10   PERSON, THAT WOULD BE SUFFICIENT UNDER THE LAW,

11   IF IT WAS PROVED BEYOND A REASONABLE DOUBT.

12             COUNT FOUR CHARGES ON OR ABOUT THE 12TH

13   DAY OF MAY, 2017, WITHIN THE NORTHERN DISTRICT OF

14   ALABAMA, YOU DID KNOWINGLY USE AND CARRY A

15   FIREARM DURING AND IN RELATION TO A DRUG

16   TRAFFICKING CRIME FOR WHICH YOU COULD BE

17   PROSECUTED IN A COURT OF THE UNITED STATES.  THAT

18   IS, THE DRUG TRAFFICKING CRIME CHARGED IN COUNT

19   THREE, IN VIOLATION OF TITLE 18 U.S. CODE SECTION

20   924(C)(1) A.  THIS IS SIMILAR TO THE COUNT, COUNT

21   TWO, AND I READ YOU THE REQUIREMENTS WITH REGARD

22   TO USE AND CARRYING A FIREARM DURING AND IN

23   RELATION TO A DRUG TRAFFICKING CRIME.  BUT LET ME

24   JUST -- I WON'T REPEAT ALL OF IT, BUT PART OF IT.

25             BEFORE YOU COULD BE CONVICTED OF THE

1    OFFENSE CHARGED IN COUNT FOUR, THE GOVERNMENT

2    WOULD HAVE TO PROVE BEYOND A REASONABLE DOUBT

3    THAT YOU COMMITTED THE DRUG TRAFFICKING OFFENSE

4    CHARGED IN COUNT THREE.  THAT YOU, DURING THE

5    COMMISSION OF THAT CRIME, THE DRUG TRAFFICKING

6    CRIME, YOU USED AND/OR CARRIED A FIREARM.  AND,

7    THIRD, THAT YOU USED OR CARRIED THE FIREARM

8    DURING AND IN RELATION TO THE DRUG TRAFFICKING

9    CRIME CHARGED IN COUNT THREE.

10           DO YOU UNDERSTAND THE CHARGE AGAINST

11   YOU IN COUNT FOUR OF THE INDICTMENT?

12           THE DEFENDANT:  YES, MA'AM.

13           THE COURT:  COUNT FIVE CHARGES YOU

14   AGAIN WITH VIOLATING TITLE 21 U.S. CODE SECTION

15   841(A)(1) AND READS AS FOLLOWS:

16           THE GRAND JURY CHARGES THAT ON OR ABOUT

17   THE 13TH DAY OF JUNE, 2017, IN TALLADEGA COUNTY,

18   WITHIN THE NORTHERN DISTRICT OF ALABAMA, YOU DID

19   KNOWINGLY AND INTENTIONALLY DISTRIBUTE FIVE GRAMS

20   OR MORE OF METHAMPHETAMINE, A CONTROLLED

21   SUBSTANCE, IN VIOLATION OF TITLE 21 U.S. CODE

22   SECTION 841(A)(1).

23           AS I HAVE STATED EARLIER WITH REGARD TO

24   COUNTS ONE AND THREE, TITLE 21 U.S. CODE SECTION

25   841(A)(1) MAKES IT A FEDERAL CRIME FOR ANYONE TO

1     DISTRIBUTE A CONTROLLED SUBSTANCE.

2     METHAMPHETAMINE IS A CONTROLLED SUBSTANCE WITHIN

3     THE MEANING OF THE LAW.

4            BEFORE YOU COULD BE FOUND GUILTY OF THE

5     OFFENSE CHARGED IN COUNT FIVE, THE GOVERNMENT

6     WOULD HAVE THE BURDEN OF PROVING BEYOND A

7     REASONABLE DOUBT THAT ON OR ABOUT JUNE 13TH,

8     2017, YOU DISTRIBUTED A CONTROLLED SUBSTANCE.

9            SECOND, THAT THAT CONTROLLED SUBSTANCE

10    WAS METHAMPHETAMINE.

11           TO DISTRIBUTE, AS I STATED EARLIER,

12    SIMPLY MEANS TO TRANSFER POSSESSION OF A

13    CONTROLLED SUBSTANCE TO ANOTHER PERSON, WITH OR

14    WITHOUT ANY FINANCIAL INTEREST IN THE

15    TRANSACTION.

16           DO YOU UNDERSTAND THE CHARGE AGAINST

17    YOU IN COUNT FIVE?

18           THE DEFENDANT:  YES, MA'AM.

19           THE COURT:  COUNT SIX CHARGES YOU AGAIN

20    WITH VIOLATING TITLE 21 U.S. CODE SECTION

21    841(A)(1), B(1)(B), AND (B)(1)(C), AND READS AS

22    FOLLOWS:

23           THE GRAND JURY CHARGES THAT ON OR ABOUT

24    THE 16TH DAY OF JUNE, 2017, IN TALLADEGA COUNTY,

25    WITHIN THE NORTHERN DISTRICT OF ALABAMA, YOU DID

1    KNOWINGLY AND INTENTIONALLY POSSESS WITH THE

2    INTENT TO DISTRIBUTE FIVE GRAMS OR MORE OF

3    METHAMPHETAMINE; A MIXTURE AND SUBSTANCE

4    CONTAINING A DETECTABLE AMOUNT OF FENTANYL; A

5    MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE

6    AMOUNT OF COCAINE BASE; AND AN AMOUNT OF

7    MARIJUANA; EACH A CONTROLLED SUBSTANCE, IN

8    VIOLATION OF TITLE 21 U.S. CODE SECTION

9    841(A)(1,) (B)(1)(B), AND (B)(1)(C).

10           TITLE 21 U.S. CODE SECTION 841(A)(1)

11   MAKES IT A FEDERAL CRIME OR OFFENSE FOR ANYONE TO

12   POSSESS A CONTROLLED SUBSTANCE WITH THE INTENT TO

13   DISTRIBUTE IT.  METHAMPHETAMINE, FENTANYL,

14   COCAINE BASE, AND MARIJUANA ARE ALL CONTROLLED

15   SUBSTANCE WITHIN THE MEANING OF THE LAW.

16           BEFORE YOU COULD BE CONVICTED OF THE

17   OFFENSE CHARGED IN COUNT SIX OF THE INDICTMENT,

18   THE GOVERNMENT WOULD HAVE THE BURDEN OF PROVING

19   BEYOND A REASONABLE DOUBT, FIRST, THAT YOU

20   KNOWINGLY AND WILLFULLY POSSESSED A CONTROLLED

21   SUBSTANCE AS CHARGED; THAT YOU POSSESSED THE

22   CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE

23   IT; AND I AM GOING TO GO A LITTLE FURTHER IN A

24   MINUTE WITH REGARD TO THE WEIGHT.

25           NOW, AGAIN, AS I HAVE STATED, TO

1    DISTRIBUTE SIMPLY MEANS TO TRANSFER POSSESSION OF

2    A CONTROLLED SUBSTANCE WITH OR WITHOUT ANY

3    FINANCIAL INTEREST IN THE TRANSACTION.

4              YOU ARE CHARGED IN COUNT SIX WITH ONE,

5    TWO, THREE -- FOUR DRUGS.  YOU COULD BE FOUND

6    GUILTY, FOR INSTANCE, IF THE JURY FOUND BEYOND A

7    REASONABLE DOUBT THAT YOU KNOWINGLY AND WILLFULLY

8    POSSESSED METHAMPHETAMINE, AND YOU POSSESSED THAT

9    CONTROLLED SUBSTANCE WITH THE INTENT TO

10   DISTRIBUTE IT.  EVEN IF THEY FOUND YOU DID NOT

11   POSSESS FENTANYL, COCAINE BASE, OR MARIJUANA.

12   BUT THEY WOULD ALL 12, IF THE CASE WENT TO TRIAL,

13   THEY WOULD HAVE TO ALL 12 AGREE OF WHICH, MAYBE

14   THEY WOULD FIND ONE OR ALL OF THE CONTROLLED

15   SUBSTANCES LISTED HERE.  BUT YOU COULD BE FOUND

16   GUILTY OF COUNT SIX AS LONG AS ALL 12 AGREED ON

17   ONE OF THOSE CONTROLLED SUBSTANCES AND THAT YOU

18   HAD POSSESSED THAT CONTROLLED SUBSTANCE WITH THE

19   INTENT TO DISTRIBUTE IT.

20              DO YOU UNDERSTAND WHAT I AM SAYING?

21              THE DEFENDANT:  YES, MA'AM.

22              THE COURT:  MR. THREATT, HAVE YOU

23   EXPLAINED ALL THAT TO HIM REGARDING COUNT SIX?

24              MR. THREATT:  I HAVE, YOUR HONOR.

25              THE COURT:  NOW, IN REGARD TO COUNT

1    SIX, AND WITH REGARD TO THIS PLEA, WITH REGARD TO

2    THE METHAMPHETAMINE, IT CHARGES YOU WITH

3    POSSESSION WITH INTENT TO DISTRIBUTE FIVE GRAMS

4    OR MORE OF METHAMPHETAMINE.  BECAUSE THAT

5    QUANTITY TRIGGERS SOMETHING WITH REGARD TO YOUR

6    SENTENCING, I WOULD PUT THE QUANTITY TO THE JURY

7    WITH REGARD TO THE METHAMPHETAMINE.

8              NOW, YOU COULD BE FOUND GUILTY OF THAT

9    CHARGE EVEN IF THEY FOUND THAT YOU POSSESSED LESS

10   THAN FIVE GRAMS.  AS LONG AS THEY FOUND, ALL 12

11   FOUND YOU POSSESSED IT WITH THE INTENT TO

12   DISTRIBUTE IT.  BUT I WOULD PUT TO THE JURY THE

13   QUANTITY WITH REGARD TO THE METHAMPHETAMINE.

14             DO YOU UNDERSTAND WHAT I SAID TO YOU?

15             THE DEFENDANT:  YES, MA'AM.

16             THE COURT:  ARE YOU PLEADING GUILTY TO

17   HAVING POSSESSED WITH INTENT TO DISTRIBUTE FIVE

18   GRAMS OR MORE OF METHAMPHETAMINE ON OR ABOUT JUNE

19   16TH, 2017?

20             THE DEFENDANT:  YES, MA'AM.

21             THE COURT:  OKAY.  SO DO YOU UNDERSTAND

22   COUNT SIX AND WHAT THE GOVERNMENT WOULD HAVE TO

23   PROVE FOR YOU TO BE CONVICTED OF THAT COUNT?

24             THE DEFENDANT:  YES, MA'AM.

25             THE COURT:  HAVE YOU HAD SUFFICIENT

1    TIME, MR. THREATT, TO DISCUSS ALL THE CHARGES IN

2    THE SUPERSEDING INDICTMENT WITH YOUR ATTORNEY?

3              THE DEFENDANT:  YES, MA'AM.

4              THE COURT:  ARE YOU SATISFIED WITH YOUR

5    LAWYER AND THE WORK HE HAS DONE FOR YOU?

6              THE DEFENDANT:  YES, MA'AM.

7              THE COURT:  MR. THREATT, ARE YOU

8    SATISFIED YOUR CLIENT FULLY UNDERSTANDS THE

9    CHARGES AGAINST HIM AND THE CONSEQUENCES OF

10   ENTERING A PLEA OF GUILTY TO THE CHARGES?

11             MR. THREATT:  YES, I AM, YOUR HONOR.

12             THE COURT:  ARE YOU ALSO SATISFIED THAT

13   HE IS KNOWINGLY AND VOLUNTARILY ENTERING HIS PLEA

14   OF GUILTY?

15             MR. THREATT:  YES, I AM, YOUR HONOR.

16             THE COURT:  AS HIS ATTORNEY, HAVE YOU

17   HAD SUFFICIENT TIME TO INVESTIGATE THE CASE, THE

18   CHARGES AGAINST MR. THREATT, ANY POSSIBLE

19   DEFENSES THAT HE MIGHT HAVE TO THE CHARGES, AND

20   HAVE YOU GENERALLY GIVEN HIM COUNSEL AND ADVICE?

21             MR. THREATT:  YES, I HAVE, YOUR HONOR.

22             THE COURT:  MR. THREATT, I HAVE A

23   QUESTION ABOUT THE PLEA AGREEMENT IN JUST A

24   MINUTE BEFORE I HAVE HIM START ON WHAT HE EXPECTS

25   TO PROVE.  BUT IN JUST A MINUTE I AM GOING TO ASK

```
 1    THE ASSISTANT U.S. ATTORNEY TO STATE FOR THE

 2    RECORD WHAT HE WOULD EXPECT THE GOVERNMENT TO

 3    PROVE IF THIS CASE WENT TO TRIAL.

 4          IF, WHILE HE IS SPEAKING, HE SAYS

 5    ANYTHING THAT IS NOT TRUE OR THAT YOU DO NOT

 6    BELIEVE THE GOVERNMENT CAN PROVE, I WANT YOU TO

 7    INTERRUPT HIM RIGHT THEN AND TELL ME.

 8          DO YOU UNDERSTAND WHAT I JUST SAID?

 9          THE DEFENDANT:  YES, MA'AM.

10          THE COURT:  BEFORE YOU START, LET ME

11    LOOK AT THE PLEA AGREEMENT.  I WROTE ON THE

12    ORIGINAL PLEA AGREEMENT -- A LOT.  I GUESS WE'LL

13    JUST HAVE A COPY MADE, A CLEAN COPY MADE.

14          THE CLERK:  YES, MA'AM.

15          THE COURT:  I WAS GOING THROUGH THE

16    PLEA AGREEMENT TO SEE IF I THOUGHT THERE WAS A

17    FACTUAL BASIS FOR EACH COUNT.  AND WHEN I GOT TO

18    COUNT SIX, I HAVE A QUESTION.  WELL, BEFORE THAT,

19    THOUGH, PAGE FOUR OF THE PLEA, I THINK I KNOW

20    WHAT IT MEANS BUT I DON'T THINK IT'S STATED

21    EARLIER.  LET ME SEE IF IT IS OR NOT.

22          THE LAST PARAGRAPH, THE TCDTF, AND ATF,

23    I THINK BOTH OF THOSE, PARTICULARLY ATF, ARE

24    UNDERSTANDABLE.  BUT NEVERTHELESS, I THINK YOU

25    ARE TALKING ABOUT THE TALLADEGA --
```

```
 1              MR. DIMLER:  TALLADEGA COUNTY DRUG TASK

 2    FORCE.

 3              THE COURT:  TALLADEGA COUNTY DRUG TASK

 4    FORCE AND THE ATF.  I THINK YOU OUGHT TO WRITE

 5    BOTH OF THOSE IN THERE, IN THE ORIGINAL PLEA

 6    AGREEMENT.

 7              MR. DIMLER:  YES, YOUR HONOR.

 8              THE COURT:  SO THERE IS AT LEAST ONE

 9    PLACE WHERE THE ACRONYM IS EXPLAINED.

10              MR. DIMLER:  YES, YOUR HONOR.

11              THE COURT:  BUT, MORE OF A CONCERN TO

12    ME, I GUESS I WOULD SAY, IS ON PAGE FIVE.  AS I

13    SAY, I WENT THROUGH AND IT SEEMED TO ME YOU HAVE

14    A FACTUAL BASIS FOR COUNTS ONE THROUGH FIVE.  BUT

15    HERE WE GET TO COUNT FOUR AND IT'S SORT OF THE

16    BOTTOM PART OF PAGE FIVE.  SO, I AM GOING TO

17    READ.  YOU ALL WITH ME?

18              MR. THREATT:  YES, MA'AM.

19              THE COURT:  IT SAYS ON JUNE 14TH, 2017,

20    THE TALLADEGA COUNTY DRUG TASK FORCE OBTAINED A

21    SEARCH WARRANT AT 511 LAWRENCE AVENUE BASED ON

22    THE JUNE 13TH, 2017 CONTROLLED PURCHASE.  LAW

23    ENFORCEMENT EXECUTED THE WARRANT ON JUNE 16TH,

24    2017, AND LOCATED GUNS, AMMUNITION, NARCOTICS, IN

25    ADDITION TO DISTRIBUTION IN A HOUSE AND ON THE
```

1    DEFENDANT, INCLUDING THE FOLLOWING.

2          BY THE WAY, OF COURSE, COUNT SIX IS

3    JUNE 16TH, 2017.

4          SO, IF YOU LOOK DOWN TO THE FOURTH

5    BULLET POINT, IT SAYS 45 GRAMS OF SUSPECTED

6    METHAMPHETAMINE, THREE GRAMS OF HEROIN, FIVE

7    GRAMS OF CRACK COCAINE, ONE GRAM OF COCAINE,

8    MARIJUANA, AND OXYCODONE IN THE DEFENDANT'S

9    POCKETS.

10          IT DOES NOT SAY -- IT DOES NOT SAY

11    FENTANYL, WHICH IS ONE OF THE CONTROLLED

12    SUBSTANCES CHARGED IN COUNT SIX.

13          IT ALSO PUTS THE WORD "SUSPECTED"

14    BEFORE METHAMPHETAMINE AND THE CRACK COCAINE.  I

15    DON'T KNOW IF SUSPECTED IS ONLY MEANT TO MODIFY

16    METHAMPHETAMINE OR IS SUPPOSED TO MODIFY ALL THE

17    DRUGS.  AGAIN, IT DOESN'T LIST METHAMPHETAMINE.

18    AND I DIDN'T SEE ANYWHERE WHERE YOU SAID THAT THE

19    TOXICOLOGY REPORT CAME BACK POSITIVE FOR THOSE.

20          MR. DIMLER:  YOUR HONOR, AT THE BOTTOM

21    OF PAGE SIX.

22          THE COURT:  DID I MISS IT?  OH, I'M

23    SORRY.  I DID.  OKAY; THANK YOU VERY MUCH.  LET'S

24    SEE, THOUGH.

25          MR. DIMLER:  YOU MAY BE RIGHT ABOUT

1   NEEDING TO ADD FENTANYL TO THE LIST OF DRUGS THAT

2   WERE SEIZED ON THE 16TH OF JUNE IN THIS SORT OF

3   LAUNDRY LIST.

4           THE COURT:  WELL, ADD THAT.  AND THEN

5   IS IT CLEAR FROM -- I JUST SKIPPED THAT, OR

6   MISSED IT.  IS IT CLEAR FROM THE LIST, PAGE SIX,

7   AS TO WHEN THESE WERE FOUND?  LET'S SEE.

8           I GUESS IT'S STILL CLEAR THAT YOU ARE

9   TALKING ABOUT THE JUNE 16TH WARRANT, OR SEARCH

10  WARRANT.  I THINK IT STILL WOULD BE BETTER FOUND

11  ON JUNE 16TH.  YOU SEE WHAT I AM SAYING?

12          MR. DIMLER:  YES, YOUR HONOR.  I

13  THINK -- AND FOR THE RECORD, I DIDN'T WRITE THIS.

14  I KNOW YOU DON'T CARE, BUT --

15          THE COURT:  WELL, I MISSED THAT.

16          MR. DIMLER:  I SEE WHAT YOU ARE TALKING

17  ABOUT, YOUR HONOR.  I WOULD BE GLAD TO ADD NEXT

18  TO WHERE IT SAYS SEARCH WARRANT, WHICH IS --

19          THE COURT:  I THINK PAGE SIX ADD IN DEA

20  REPORTS CONFIRMED THE NATURE OF THE SUBSTANCES

21  FOUND ON JUNE 16TH, 2017.  I'M LOOKING AT PAGE

22  SIX.

23          MR. DIMLER:  THE FIRST FOUR ENTRIES

24  WERE EARLIER DATES, THE BUYS --

25          THE COURT:  OKAY.

```
 1              MR. DIMLER:  THE ONES MARKED SEARCH
 2     WARRANT THAT WERE FROM THE --
 3              THE COURT:  OH.  WELL, HOW DO YOU WANT
 4     TO DO IT THEN?
 5              MR. DIMLER:  I THINK, YOUR HONOR --
 6              THE COURT:  THAT S.W. BELOW REFERS TO
 7     SEARCH WARRANT, MAYBE?
 8              MR. DIMLER:  I WILL ADD THAT IN, YOUR
 9     HONOR.
10              THE COURT:  IT DOESN'T ALSO SAY -- HE
11     IS PLEADING TO MARIJUANA IN COUNT SIX.  I DON'T
12     SEE MARIJUANA BEING ON THE DEA REPORT AS BEING
13     IDENTIFIED.
14              MR. DIMLER:  I DIDN'T SEE THAT, YOUR
15     HONOR.
16              OH, I DO SEE AT THE BOTTOM OF PAGE
17     FIVE.
18              THE COURT:  HOLD ON A SECOND.  WELL, AT
19     THE BOTTOM OF PAGE FIVE IT SAYS WHAT WAS FOUND --
20     SUSPECTED METHAMPHETAMINE.  I AM SKIPPING OVER
21     LIKE HEROIN THAT'S NOT CHARGED -- FIVE GRAMS OF
22     CRACK, COCAINE WHICH IS NOT CHARGED, MARIJUANA,
23     AND OXYCODONE.  I WAS INTERESTED IN THE ONES THAT
24     WERE CHARGED IN COUNT SIX TO SHOW THEY HAVE BEEN,
25     THERE WAS A DEA REPORT OR SOMETHING SHOWING THAT
```

1  THEY WERE, IN FACT, CONTROLLED SUBSTANCES AS

2  OPPOSED TO SUSPECTED.

3         SO, THE METHAMPHETAMINE IS COVERED ON

4  PAGE SIX.  THE CRACK COCAINE IS COVERED ON PAGE

5  SIX.  FENTANYL IS COVERED BUT NOT MARIJUANA,

6  RIGHT?

7         MR. DIMLER:  THAT IS CORRECT, YOUR

8  HONOR.

9         THE COURT:  I AM SURE -- I MEAN, I SAY

10  I AM SURE.  I WOULD DOUBT VERY SERIOUSLY THAT

11  MAKES ANY DIFFERENCE TO THE GUIDELINES WITH

12  REGARD TO COUNT SIX, CORRECT?

13         MR. THREATT:  THAT'S CORRECT.

14         MR. DIMLER:  IT WOULD NOT, YOUR HONOR.

15         THE COURT:  I AM SURE IT WOULDN'T.  BUT

16  YOU NEED TO CHANGE THE BULLET POINT ON PAGE FIVE,

17  I THINK YOU NEED TO ADD IN FENTANYL.

18         MR. DIMLER:  I DID, YOUR HONOR, ON MY

19  COPY.

20         THE COURT:  AND ADD SOMETHING TO SHOW

21  THAT S.W. BELOW, ON PAGE SIX, REFERS TO THE

22  SEARCH WARRANT EXECUTED ON JUNE 16TH, 2017.

23  THAT'S A BETTER WAY TO DO IT.

24         MR. DIMLER:  I HAVE DONE THAT AS WELL,

25  YOUR HONOR.

1          THE COURT:  OKAY.  I AM NOW GOING TO

2     ASK THE ASSISTANT U.S. ATTORNEY TO STATE FOR THE

3     RECORD WHAT YOU EXPECT THE GOVERNMENT TO PROVE IF

4     THE CASE WENT TO TRIAL.

5          AND AGAIN, MR. THREATT, IF HE SAYS

6     ANYTHING THAT'S NOT TRUE OR YOU DO NOT BELIEVE

7     THE GOVERNMENT CAN PROVE, INTERRUPT HIM AT THAT

8     POINT AND LET ME KNOW.

9          THE DEFENDANT:  YES, MA'AM.

10          THE COURT:  HE PROBABLY WILL BE READING

11     FROM THE PLEA AGREEMENT, STARTING ON PAGE FOUR.

12     IS THAT WHERE YOU ARE GOING TO READ?

13          MR. DIMLER:  YES, YOUR HONOR.

14          THE COURT:  I ASSUME YOU HAVE IT IN

15     FRONT OF YOU?

16          MR. THREATT:  WE DO, YOUR HONOR.

17          THE COURT:  SO YOU CAN FOLLOW ALONG.

18     AND MR. THREATT, ATTORNEY, ALSO STOP IF YOU THINK

19     THERE IS SOMETHING THAT NEEDS TO BE CORRECTED.

20          MR. THREATT:  I WILL, YOUR HONOR.

21          MR. DIMLER:  THANK YOU, YOUR HONOR.

22          IF THIS CASE WERE TO PROCEED TO

23     TRIAL, THE GOVERNMENT WOULD EXPECT THE FACTS TO

24     SHOW THAT ON MAY 9TH, 2017, THE BUREAU OF

25     ALCOHOL, TOBACCO, AND FIREARMS RECEIVED

1    INFORMATION FROM THE TALLADEGA COUNTY DRUG TASK

2    FORCE THROUGH A CONFIDENTIAL INFORMANT, HERE AND

3    AFTER C.I., COULD PURCHASE NARCOTICS FROM THE

4    DEFENDANT WHO THE C.I. KNEW AS BIG BOY.  THE C.I.

5    IDENTIFIED A PHOTO OF THE DEFENDANT AS BIG BOY.

6            THE C.I. SAID HE OR SHE HAD BEEN

7    PURCHASING METHAMPHETAMINE AND HEROIN FROM THE

8    DEFENDANT FOR SOME TIME.  TALLADEGA COUNTY DRUG

9    TASK FORCE AND THE ATF CONDUCTED CONTROLLED BUYS

10   ON MAY 9TH, 2017, MAY 12TH, 2017, MAY 24TH, 2017,

11   AND JUNE 13TH, 2017, AT THE DEFENDANT'S HOUSE AT

12   511 LAWRENCE AVENUE IN TALLADEGA, ALABAMA, BEFORE

13   EXECUTING THE SEARCH WARRANT THERE ON JUNE 16TH,

14   2017.

15           ON MAY 9TH, 2017, THE C.I. PURCHASED

16   $100 OF METHAMPHETAMINE, APPROXIMATELY FOUR

17   GRAMS, FROM THE DEFENDANT.  A BLACK HANDGUN IS

18   VISIBLE IN THE BUY VIDEO NEXT TO THE

19   METHAMPHETAMINE.

20           ON MAY 12TH, 2017, THE C.I. PURCHASED

21   $50 WORTH OF HEROIN OR 2/10 OF A GRAM FROM THE

22   DEFENDANT.  THE DEFENDANT HAS A FIREARM IN THE

23   VIDEO AND THE C.I. CAN BE HEARD TELLING HIS

24   HANDLER ABOUT THE GUN ON THE VIDEO.

25           ON MAY 24TH, 2017, THE C.I. ORDERED

1   $200 OF METHAMPHETAMINE, A QUARTER OUNCE AND

2   EIGHT GRAMS, BY TEXTING THE DEFENDANT'S PHONE.

3            WHEN HE GOT TO THE HOUSE, ANOTHER

4   INDIVIDUAL SOLD THE C.I. THE METHAMPHETAMINE

5   RATHER THAN THE DEFENDANT.  THIS INDIVIDUAL HAS

6   SINCE AGREED -- SINCE ENTERED A PLEA OF GUILTY IN

7   A SEPARATE FEDERAL CASE AND AGREED TO TESTIFY

8   AGAINST THE DEFENDANT.

9            ON JUNE 3RD 2017 --

10           THE COURT:  JUNE 13TH.

11           MR. DIMLER:  I'M SORRY, YOUR HONOR?

12           THE COURT:  I THOUGHT YOU SAID JUNE

13   3RD.

14           MR. DIMLER:  I MIGHT HAVE.  ON JUNE

15   13TH, 2017, THE C.I. BOUGHT $225 DOLLARS, QUARTER

16   OUNCE, OF METHAMPHETAMINE FROM THE DEFENDANT.

17           ON JUNE 14TH, 2017, THE TALLADEGA

18   COUNTY DRUG TASK FORCE OBTAINED A SEARCH WARRANT

19   AT 511 LAWRENCE AVENUE BASED ON THE JUNE 13TH,

20   2017 CONTROLLED PURCHASE.  LAW ENFORCEMENT

21   EXECUTED THE WARRANT ON JUNE 16TH, 2017, AND

22   LOCATED GUNS, AMMUNITION, NARCOTICS, IN ADDITION

23   TO DISTRIBUTION IN THE HOUSE AND ON THE DEFENDANT

24   INCLUDE THE FOLLOWING:  A NEW ENGLAND PARDNER SBI

25   .410 SHOTGUN BEHIND THE FRONT DOOR; A LOADED .45

1    CALIBER PISTOL CONSISTENT WITH THE GUN SEEN IN

2    THE BUY VIDEO BEHIND A SPEAKER BOX IN THE LIVING

3    ROOM; A BAGGIE OF SUSPECTED HEROIN IN THE BACK

4    BEDROOM UNDER CLOTHES; 45 GRAMS OF SUSPECTED

5    METHAMPHETAMINE; THREE GRAMS OF HEROIN; FIVE

6    GRAMS OF CRACK COCAINE; ONE GRAM OF COCAINE; AN

7    AMOUNT OF MARIJUANA AND OXYCODONE, IN THE

8    DEFENDANT'S POCKETS, AS WELL AS FENTANYL, CLEAR

9    BAGGIES, PISTOL MAGAZINE WITH 9MM --

10            THE COURT:  WAIT ONE SECOND.  AS WELL

11   AS FENTANYL.  SHOULD THAT -- I MEAN, YOU ARE JUST

12   SAYING THAT WAS FOUND; IT WASN'T ON THE

13   DEFENDANT, IN HIS POCKETS, RIGHT?

14            MR. DIMLER:  I DON'T BELIEVE SO.

15            THE COURT:  I THINK IT'S FINE TO SAY IT

16   THAT WAY.  DO YOU OBJECT TO THAT, JUST PUTTING IT

17   IN?

18            MR. THREATT:  I DO NOT, YOUR HONOR.

19            THE COURT:  AND YOU ARE GOING TO DELETE

20   MARIJUANA AS YOU JUST DID WHEN YOU READ IT TO ME,

21   CORRECT?

22            MR. DIMLER:  YES --

23            THE COURT:  WHEN YOU ALL MAKE A

24   CORRECTED COPY.

25            MR. DIMLER:  YES.

```
 1              THE COURT:  I AM GOING TO ASK THAT YOU

 2   ALL -- AND I LIKE THE DEFENDANT DID IT IN BLUE.

 3   I WOULD RATHER, SINCE YOU ALL HAVE A CLEAN COPY,

 4   TO HAVE HIM SIGN ANOTHER ORIGINAL SINCE I WROTE

 5   ON THE ORIGINAL.

 6              ALL RIGHT.  GO AHEAD.

 7              MR. DIMLER:  CLEAR BAGGIES; PISTOL

 8   MAGAZINE WITH 9MM AMMO; A BOX OF 9MM AMMO; .25

 9   CALIBER AMMO; 40 CALIBER AMMO; DIGITAL SCALES;

10   AND THREATT'S POWER BILL IN THE LIVING ROOM.  40

11   CALIBER AMMO; MORE .45 CALIBER AMMO; SOME .410

12   SHOTGUN SHELLS; THREE CELL PHONES IN THE LEFT

13   BACK BEDROOM WHERE THREATT HAD SOLD THE DRUGS TO

14   THE CONFIDENTIAL SOURCE.  THREATT WAS THE ONLY

15   PERSON IN THE HOUSE AT THE TIME OF THE SEARCH.

16              ON JUNE 17TH, 2017, THREATT ENGAGED IN

17   A JAIL TELEPHONE CALL WITH A FEMALE, JESSICA

18   JORDAN.  IN THE CALL, HE DISCUSSED WHAT HE HAD IN

19   HIS POCKETS, IN THE BEDROOM, AND FIREARMS HE HAD

20   IN THE HOUSE.

21              THE TAURUS .45 CALIBER PISTOL WAS

22   MANUFACTURED IN BRAZIL.  THE NEW ENGLAND .410

23   SHOTGUN MANUFACTURED IN MASSACHUSETTS.  BOTH GUNS

24   FUNCTIONED AND NEITHER GUN WAS STOLEN.  THE

25   TAURUS LOOKS LIKE THE GUN IN THE VIDEO.
```

1           DEA REPORTS CONFIRM THE NATURE OF THE

2   SUBSTANCES AS FOLLOWS:  FROM MAY 9TH CONTROLLED

3   PURCHASE, 2.85 GRAMS OF PURE METH.  FROM THE MAY

4   12TH CONTROLLED PURCHASE, .192 GRAMS OF HEROIN.

5   FROM THE MAY 24TH CONTROLLED PURCHASE, 6.6 GRAMS

6   OF PURE METHAMPHETAMINE.  FROM THE JUNE 13TH

7   CONTROLLED PURCHASE, 6.64 GRAMS OF PURE

8   METHAMPHETAMINE.

9           FROM THE SEARCH WARRANT, WHICH S.W.

10  REFERS TO THE SEARCH WARRANT OF 6-16-17, EXHIBIT

11  TWO IS 26 GRAMS OF PURE METHAMPHETAMINE.  EXHIBIT

12  THREE, 14.66 GRAMS OF METHAMPHETAMINE WITH 9.68

13  GRAMS OF PURE METHAMPHETAMINE.  EXHIBIT FOUR,

14  21.5 GRAMS OF FENTANYL.  EXHIBIT FIVE, 1.71 GRAMS

15  OF FENTANYL.  EXHIBIT SIX, .375 GRAMS OF

16  AMPHETAMINE.  EXHIBIT SEVEN, 2.46 GRAMS OF CRACK

17  COCAINE.  EXHIBIT EIGHT, .473 GRAMS OF CRACK

18  COCAINE.  EXHIBIT NINE, .44 GRAMS OF COCAINE.

19           THAT IS ALL, YOUR HONOR.

20           THE COURT:  ALL RIGHT.  MR. THREATT,

21  YOU HAVE HEARD THE ASSISTANT U.S. ATTORNEY

22  OUTLINE BRIEFLY STARTING WITH THE FACTS HE WOULD

23  EXPECT THE GOVERNMENT TO PROVE IF THE CASE WENT

24  TO TRIAL.  ARE THOSE FACTS CORRECT?

25           THE DEFENDANT:  YES, MA'AM.

1          THE COURT:  YOU ARE NOT REQUIRED TO

2   ENTER A PLEA OF GUILTY AND YOU ARE FREE AT THIS

3   TIME TO WITHDRAW YOUR PLEA OF GUILTY AND REENTER

4   A NOT GUILTY PLEA.

5          HAVE YOU HEARD ANYTHING HERE TODAY THAT

6   CAUSES YOU TO WANT TO RECONSIDER YOUR DECISION TO

7   ENTER A PLEA OF GUILTY TO COUNTS ONE, TWO, THREE,

8   FOUR, FIVE, AND SIX OF THE SUPERSEDING

9   INDICTMENT?

10          THE DEFENDANT:  NO, MA'AM.

11          THE COURT:  DO YOU STILL DESIRE TO

12   ENTER YOUR PLEA OF GUILTY TO THOSE COUNTS?

13          THE DEFENDANT:  YES, MA'AM.

14          THE COURT:  THE COURT FINDS YOUR PLEA

15   OF GUILTY IS FREELY AND VOLUNTARILY ENTERED AND

16   THE REQUISITE FACTUAL BASIS FOR YOUR PLEA EXISTS.

17   THE PLEA OF GUILTY IS CONDITIONALLY ACCEPTED BY

18   THE COURT, EXCEPT I FORGOT TO TALK ABOUT A FEW

19   THINGS.

20          WAIT A SECOND.  LET ME SEE THAT PLEA

21   AGREEMENT AGAIN.

22          THERE IS NO 5K, RIGHT?

23          MR. THREATT:  NO, YOUR HONOR.

24          THE COURT:  THERE IS AN IMPORTANT PART

25   OF THE PLEA AGREEMENT THAT I FORGOT TO GO OVER

1  WITH YOU.  BEFORE I CONDITIONALLY ACCEPT YOUR

2  PLEA -- AND THAT IS ON PAGE EIGHT.  ROMAN NUMERAL

3  IV, IT'S ENTITLED WAIVER OF RIGHT TO APPEAL AND

4  POST-CONVICTION RELIEF.

5          IN THIS SECTION OF THE PLEA AGREEMENT

6  YOU ARE GIVING UP IMPORTANT RIGHTS.

7  SPECIFICALLY, YOU'RE GIVING UP YOUR RIGHT TO

8  APPEAL YOUR CONVICTION AND YOUR SENTENCE EITHER

9  BY WAY OF WHAT'S CALLED A HABEAS CORPUS PETITION

10  OR BY WAY OF AN APPEAL, SUBJECT TO ONLY THREE

11  LIMITATIONS.  AND THOSE THREE LIMITATIONS IS IF

12  THE COURT THAT SENTENCES YOU SENTENCES YOU ABOVE

13  THE STATUTORY MAXIMUM SENTENCE -- IF THE COURT OR

14  THE JUDGE WHO SENTENCES YOU SENTENCES YOU ABOVE

15  THE SENTENCING GUIDELINE RANGE, OR IF YOU HAVE

16  ANY KIND OF CLAIM FOR INEFFECTIVE ASSISTANCE OF

17  COUNSEL, IN THOSE THREE INSTANCES YOU WOULD

18  RETAIN THE RIGHT TO APPEAL YOUR CONVICTION AND

19  SENTENCE OR TO CHALLENGE IT BY WAY OF WHAT'S

20  CALLED A HABEAS CORPUS PETITION PURSUANT TO TITLE

21  28 U.S. CODE SECTION 2255.

22          HAVE YOU DISCUSSED THE RIGHTS THAT YOU

23  ARE GIVING UP IN THIS SECTION OF THE PLEA

24  AGREEMENT WITH YOUR ATTORNEY?

25          THE DEFENDANT:  YES, MA'AM.

1        THE COURT:  MR. THREATT, ARE YOU

2    SATISFIED YOUR CLIENT UNDERSTANDS THE RIGHTS HE

3    IS GIVING UP IN THIS SECTION OF THE PLEA

4    AGREEMENT?

5        MR. THREATT:  I AM, YOUR HONOR.

6        THE COURT:  I JUST REALIZED I HAD NOT

7    DISCUSSED THAT PART WITH YOUR CLIENT.  BUT I DO

8    CONDITIONALLY NOW ACCEPT YOUR PLEA OF GUILTY TO

9    COUNTS ONE THROUGH SIX OF THE SUPERSEDING

10   INDICTMENT WITH THE UNDERSTANDING OF WHAT I TOLD

11   YOU AND THE GOVERNMENT AT THE BEGINNING OF THE

12   THIS HEARING.

13        ANYTHING FURTHER FROM THE UNITED

14   STATES?

15        MR. DIMLER:  NO, YOUR HONOR.

16        THE COURT:  ANYTHING FURTHER FOR MR.

17   THREATT?

18        MR. THREATT:  NO, YOUR HONOR.

19        THE COURT:  SINCE I HAVE OTHER THINGS

20   TODAY, Y'ALL WILL HAVE TO SAVE THE STEP ONE

21   TUTORIAL FOR ANOTHER TIME.  THANK YOU THOUGH.

22        MR. DIMLER:  THANK YOU, YOUR HONOR.

23        MR. THREATT:  THANK YOU, YOUR HONOR.

24        THE COURT:  BY THE WAY, I THINK SHE HAS

25   IT TENTATIVELY SET -- SHE HASN'T ENTERED AN ORDER

1    ON THIS.  JULY 18TH AT 1:30, TENTATIVELY SET FOR

2    THAT DATE.  BUT SHE WILL ENTER AN ORDER, I AM

3    SURE.

4                   (COURT IN RECESS.)

```
1    ************************************************

2              C E R T I F I C A T E

3    ************************************************

4    IN RE:    USA V. RONTAVUS DEANDRE THREATT

5    CASE #:   1:18-CR-385-KOB-JEO

6

7         I HEREBY CERTIFY THAT THE FOREGOING

8    TRANSCRIPT IN THE ABOVE-STYLED CAUSE IS TRUE AND

9    CORRECT.

10

11                              MARCH 11, 2020

12   LINDY M. FULLER, RMR, CRR, CRC

13   FEDERAL OFFICIAL COURT REPORTER

14   HUGO L. BLACK U.S. COURTHOUSE

15   1729 5TH AVENUE NORTH

16   BIRMINGHAM, ALABAMA  35203

17

18

19

20

21

22

23

24

25
```